# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Michael Brown, Jr.

v.

Antwan Chambers,
Belle Enterprises I, Inc.,
t/a Buffalo Wild Wings,
and Federal Realty
Investment Trust

April 8, 2014

Case No. CL13-507

By Judge Paul M. Peatross, Jr.

This matter comes before the Court on the Demurrers of Belle Enterprises I, Inc., and Federal Realty Investment Trust, Defendants. Argument was heard on March 12, 2014, and the Court took the Demurrers under advisement to consult the legal authorities cited.

## Facts Pleaded in Complaint

In this personal injury claim, Plaintiff, Michael Brown, Jr., asserts he was injured on March 23, 2013, while lawfully on the premises of Belle Enterprises I, Inc. ("Belle"), which was doing business as Buffalo Wild Wings. The premises is owned by Defendant Federal Realty Investment Trust ("Federal") and leased to Belle. Belle operates a restaurant on the premises, and Plaintiff and his friends entered the restaurant to get food. The Complaint alleges Plaintiff was a social guest of Belle.

As Brown and friends were entering the premises, there were fifteen to twenty people standing around the front of the entrance. As Brown and friends left the restaurant, they were followed by the fifteen to twenty people, who attacked them, and Brown was injured by Defendant Antwan Chambers.

Brown asserts that Defendants Federal and Belle were negligent because they failed to protect Brown from harm by third parties and "the security and/or lighting in a remote part of its parking lot ..." was inadequate. The lot was owned by Federal and leased by Belle.

## Issues Presented

Has Plaintiff Brown stated a cause for negligence against Defendants Belle and Federal?

## Legal Analysis

As noted in the legal brief of Federal: "A demurrer admits the truth of the facts contained in the pleading to which it is addressed, as well as any facts that may be reasonably and fairly implied and inferred from those allegations. A demurrer does not, however, admit the correctness of the pleader's conclusions of law." *Toboada v. Daly Seven, Inc.*, 271 Va. 313, 317 (2006).

The general rule governing this issue states:

> Ordinarily, the owner or possessor of land is under no duty to protect invitees from assaults by third parties while the invitee is upon the premises. Restatement (Second) of Torts 314A (1965) recognizes exceptions to the rule of non-liability for the assaults of a third party where there is a special relationship between a possessor of land and his invitee giving rise to a duty to protect the invitee from such assaults.

*Wright v. Webb*, 234 Va. 527, 530 (1987).

There is a second requirement where a special relationship has been established.

> Second, the plaintiff must establish that the special relationship creates a duty of care, such as to warn and/or protect the plaintiff, as a result of the particular circumstances of that special relationship, including the known or reasonably foreseeable danger of harm to the plaintiff from the criminal act of the third party.

*Yuzefovsky v. St. John's Wood Apts.*, 261 Va. 97, 107 (2011).

Addressing the first prong of a special relationship, the Supreme Court in *Yuzefovsky, supra*, at page 106, discussed the cases previously before it involving exceptions, which could show a special relationship, such as a business invitee. Counsel for Belle has also pointed out other exceptions involving innkeeper/guest, employer/employee, and common carrier/ passenger. (Memorandum in Support of Demurrer at page 4.) There is no case cited by either party that creates a special relationship for a social guest (licensee)/business owner/lessee. As noted in a letter to the Court dated March 25, 2014, Counsel for Plaintiff acknowledged that there is a lower duty owed to a licensee than an invitee.

Addressing the second prong, there have to be facts alleged to show Defendants knew that criminal assaults were occurring, or were about to occur, on the premises which would indicate an imminent danger or probability of harm to plaintiff. *Yuzefovsky, supra,* at page 109.

## Conclusion

The Court sustains the Demurrers of Belle and Federal for two reasons: (1) there have been no facts alleged showing a special relationship between Brown and Belle or Brown and Federal; and (2) there have been no facts alleged showing Belle or Federal knew that criminal assaults were occurring, or were about to occur, on the premises. Leave is granted for Plaintiff to file an Amended Complaint if he be so advised within fourteen days of the entry of an order on this ruling.